D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-

EDWARD MORRIS WEAVER, a/k/a Ned,
LAWRENCE A. KAPLAN, SCOTT M. DOUMAS,
MARK BENOWITZ, RICHARD R. GOLDBERG,
RICHARD LINICK, PAUL E. RAIA, HOWARD S.
STRAUSS, WALLACE W. DIRENZO, a/k/a Wally,
JAMES P. ELLIS, a/k/a Max Braddock, a/k/a Patrick
Cosgrove, a/k/a Todd Parker,

        Defendants.
----------------------------------------------------------X

<u>ORDER</u>
13-CR-120 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ JAN 10 2014 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.:

    Defendant Richard Linick ("Linick") moves pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure for an order severing his trial from his co-defendants. [Docket Entry No. 81]. Linick seeks to sever his trial on the basis that "the government will attempt to paint Linick with a broad brush of guilt simply because he is named as a co-defendant" and in order "to prevent inevitable unfair and prejudicial spillover if he is tried with the remaining nine (9) co-defendants." Linick's Memorandum of Law in Support of Motion for Severance and Other Relief ("Mot."), at 2-3. For the reasons that follow, Linick's motion to sever is denied.

    I.    Background

    The superseding indictment (the "Indictment"), filed May 1, 2013, charges, *inter alia*, Linick, along with nine (9) co-defendants, with one (1) count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371 (Count One), and, along with two (2) co-defendants, one count of wire fraud in violation of 18 U.S.C. § 1343 (Count Nine). [Docket Entry No. 39]. Linick, along with four (4) co-defendants, were sales representatives for Vendstar. Indictment ¶

5. Also charged in the Indictment are three (3) Vendstar managers and two (2) operators of companies that Vendstar recommended to customers. *Id.* ¶¶ 2-4, 6-7.

II.  Discussion

There is a "preference in the federal system for joint trials of defendants who are indicted together." *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 131 (2d Cir. 2008) (quoting *Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)); *United States v. Yousef*, 327 F.3d 56, 149 (2d Cir. 2003). Joint trials "promote efficiency" and "serve the interests of justice" by, *inter alia,* avoiding inconsistent verdicts, not requiring the same witnesses to testify repeatedly, preserving judicial resources and avoiding delays. *Zafiro*, 506 U.S. at 537; *see also Bruton v. United States*, 391 U.S. 123, 134, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (holding that joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crimes to trial); *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003) (holding that for reasons of economy, convenience, and avoidance of delay, there is a preference for joint trials).

Nonetheless, Rule 14(a) of the Federal Rules of Criminal Procedure provides, in relevant part, that "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court *may* . . . sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a) (emphasis added). "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538–539; *see also Yousef*, 327 F.3d at 149-50. A defendant has a "difficult burden" of establishing "substantial prejudice" resulting from a district court's denial of a motion for severance. *United States v. Sotomayer*, 592 F.2d 1219, 1227-28 (2d Cir. 1979); *see also United States v. Persaud*, 411 F. App'x 431, 433 (2d Cir. Feb.

28, 2011) (holding that a district court's denial of a Rule 14 motion for severance will be reversed "only if a defendant can show prejudice so severe that his conviction constituted a miscarriage of justice, and that the denial of his motion constituted an abuse of discretion"); *United States v. Amato*, 540 F.3d 153, 164 (2d Cir. 2008) (holding that to establish a district court abused its discretion in denying severance, defendant must show substantial prejudice so as to constitute a miscarriage of justice). When defendants have been properly joined under Rule 8(b), severance under Rule 14 should only be granted if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also United States v. Nieves*, 354 F. App'x 547, 552 (2d Cir. Dec. 1, 2009), *cert. denied sub nom Russell v. United States*, 559 U.S. 930, 130 S.Ct. 1308, 175 L.Ed.2d 1106 (2010).

Linick has not identified a specific trial right that would be compromised by a joint trial or any substantial prejudice that would result from a joint trial. Insofar as Linick claims that a joint trial will result in prejudice from "spillover" that may occur during the trial, Linick may request any appropriate limiting instruction, or other remedial measure, at trial. While Linick contends that "no curative instruction to the jury can be crafted which will sufficiently minimize the spillover prejudice to Linick in a joint trial," Mot. at 2, a limiting instruction to the jury to consider the defendants individually is sufficient to alleviate spillover prejudice. *See United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003) (district court's explicit instruction that jury consider defendants indvidiually remedied spillover prejudice); *United States v. Miller*, 116 F.3d 641, 679 (2d Cir. 1997) (nothing that spillover prejudice may be cured through clear judicial instructions); *United States v. Rivera*, 09-CR-619, 2011 WL 1429125, at *6 (E.D.N.Y. Apr. 13, 2011) (noting "defendants may request any appropriate limiting instruction, or other remedial

measure, at trial" to avoid spillover prejudice). Accordingly, Linick's motion seeking severance of the trial is denied.

III.   Conclusion

For the foregoing reasons, Linick's motion to sever is denied.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: January 10, 2014
       Central Islip, New York