UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
\---------------------------------------------------------------------X  
RICHARD LINICK,

        Petitioner,

  -against-

UNITED STATES OF AMERICA,

        Respondent.  
\---------------------------------------------------------------------X

For Online Publication Only

**ORDER**  
20-cv-02167 (JMA)  
13-cr-120 (JMA)

**APPEARANCES:**

Richard Linick  
31 Upper Sheep Pasture Road  
Setauket, NY 11733  
   *Pro Se*

Adrienne E. Fowler  
U.S. Department of Justice  
Office of Consumer Litigation  
450 W. 5th St, NW  
Liberty Square Bldg  
Room 640  
Washington, DC 20530

Alan Phelps  
Patrick Jasperse  
U.S. Department of Justice  
Consumer Protection Branch  
Po Box 386  
Washington, DC 20044  
   *Attorneys for Respondent*

**AZRACK, United States District Judge:**

      Currently before the Court is a petition filed by Richard Linick ("Linick" or the "Petitioner") to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 (the "Petition") and Linick's motions to amend the instant petition. For the reasons set forth below, the Petition and Linick's motion to amend are **DENIED**.

## I. BACKGROUND

On November 5, 2015, a jury convicted Petitioner, along with his co-defendants, of conspiracy to commit mail and wire fraud, and wire fraud in violation of Title 18, United States Code, Sections 377 and 1343, respectively. (ECF No. 328, 528.)

In January 2016, Linick filed a pro se motion asserting that he was entitled to a new trial because his trial counsel, Terrence Buckley, was ineffective. Linick also requested that Buckley be relieved, and that new counsel be appointed.

The Court then relieved Buckley and appointed Sally M. Butler as Linick's new counsel. Butler proceeded to file post-trial motions, including a motion for a new trial under Federal Rule of Criminal Procedure 33 alleging that Buckley was ineffective. Butler's submissions also explicitly incorporated by reference the arguments raised in Linick's earlier pro se submission. After receiving the government's opposition papers, an affidavit from Buckley, and Linick's reply papers, the Court held a hearing at which both Linick and Buckley testified.

In his motion papers and at the hearing, Linick raised various claims of alleged ineffective assistance. Linick argued that Buckley: (1) failed to adequately prepare for trial and failed to investigate Vendstar customers who were allegedly satisfied with Linick; (2) failed to pursue additional lines of questions during cross-examination; and (3) failed to renew a severance motion. Linick also argued that Buckley erroneously relied on a defense premised on the contractual disclaimers in the Vendstar contracts and that Buckley erred by waiting until the Rule 29 motions and jury instructions to raise this issue. Linick also contended that his decision not to testify was premised on his belief that a legal defense had already been established by the disclaimers in the contracts signed by Vendstar's customers.

Finally, Linick also contended that Buckley: (1) erroneously advised Linick not to testify; and (2) failed to properly advise Linick about the effect of his decision not to testify in his own defense. In support of these arguments, Linick argued that his testimony was necessary because it was the only way he could introduce allegedly exculpatory evidence, including: (i) his written sales presentation; (ii) evidence that he had operated a legitimate vending business; and (iii) evidence about his accounting background. (See, e.g., ECF No. 385 at 17 (arguing that "Linick is a defendant that should have, would have, and could have testified" and that his important evidence and compelling testimony was not presented to the jury); ECF No. 341 at 6–7 (Linick's pro se motion to vacate which argued that Buckley was ineffective for not having Linick take the stand since this was the only way to introduce his written sales presentation and his evidence about his vending business).

In Linick's reply brief, Butler argued that the above errors, when considered cumulatively, established that Buckley rendered ineffective assistance at trial. (See ECF No. 395; see also ECF No. 385 at 14 (asserting that a "confluence of unique factors resulted in legal representation that fell well below an objective standard of reasonableness").)

In an order dated January 26, 2017 (the "January 2017 Order"), the Court denied Linick's post-trial motions, including Linick's claims of ineffective assistance. For certain critical points, the Court credited Buckley's hearing testimony and found Linick's testimony to be incredible. The January 2017 Order concluded that Buckley's recommendation that Linick should not testify "was well within the 'wide range of reasonable professional assistance'" as Buckley had already scored points during his effective cross-examinations and there were numerous risks in having Linick take the stand. (Jan. 2017 Order at 8–12.)

3

On March 23, 2017, the Court sentenced Petitioner to thirty-six (36) months, three (3) years of supervised release, an assessment of $200.00 and restitution in the amount of $382,126.61. (ECF No. 528.)

Linick then appealed the denial of his post-trial motions, including his claims of ineffective assistance of counsel. (ECF No. 530.) Butler represented Linick in his appeal. Linick's appeal joined in the arguments asserted by his co-defendants and also contended that: (1) the evidence was insufficient to support his convictions; (2) Buckley provided ineffective assistance at trial; and (3) Linick's sentence was unreasonable. For his ineffective assistance claim, Linick asserted that Buckley did not adequately confer with him prior to trial and failed to investigate Linick's defense and potential witnesses. According to Linick, Buckley's inadequate preparation and investigation negatively impacted his cross-examinations of key witnesses and the arguments he made to the jury. Linick also maintained that Buckley's inadequate preparation compromised Linick's right to testify by preventing him from making an informed choice about testifying.

On December 6, 2018, the Second Circuit affirmed Linick's conviction and sentence. (ECF No. 559.) On December 26, 2018, Butler and her co-counsel filed a motion to withdraw from their representation of Linick, which the Second Circuit granted on January 4, 2019. On January 23, 2019, Linick filed a pro se petition for rehearing. His petition argued that the cooperating witnesses committed perjury and that the prosecution engaged in misconduct by "creat[ing]" evidence, coaching the witnesses to lie, and asking improper questions designed to prejudice the jury. (Pet. to the Second Circuit for Rehearing, dated Jan. 23, 2019.) The Second Circuit denied Linick's petition for rehearing on February 28, 2019. (Second Circuit Order dated Feb. 28, 2019.)

On May 11, 2020, Linick filed the instant § 2255 petition raising ineffective assistance of counsel claims. (ECF No. 577.) This petition was timely as the one-year deadline for Linick to

file his § 2255 petition did not expire until May 29, 2020.  Linick's petition alleges that Buckley, as trial counsel, and Butler, as post-verdict and appellate counsel, provided constitutionally deficient representation.  (ECF No. 577.)

On July 15, 2020, Petitioner filed a motion to amend his Section 2255 petition seeking leave to add claims of prosecutorial misconduct, claiming that the prosecutors knowingly introduced false testimony at trial and asked improper questions of the trial witnesses.  (ECF No. 592.)  Since the filing of Linick's July 15, 2020 motion to amend, Linick has filed numerous additional submissions that advance the same or similar allegations of prosecutorial misconduct as well as certain other claims.  To the extent that these submissions purport to raise additional claims, the Court has construed these filings as further motions by Linick to amend his § 2255 petition.

Linick's primary argument in support of these claims of prosecutorial misconduct is that inconsistencies in the evidence introduced at trial show that the cooperating witnesses committed perjury when they testified about Linick.  Linick also relies on his written sales presentation in an effort to show that the government's witnesses lied at trial.

Linick's motion to amend and subsequent filings also assert, in passing, other claims, including:  (1) a claim that the government asked improper questions at trial; (2) an allegation that the government withheld an exculpatory recording of Linick giving his sales presentation at Vendstar; and (3) a claim that the government targeted Linick for prosecution because of his religion.

## II. DISCUSSION

### A. Legal Standards for § 2255 Petitions and Ineffective Assistance Claims

Section 2255 permits a prisoner in custody to move to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To merit relief under Section 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citation omitted).

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks and citation omitted)

In general, a § 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 164–66 (1982). Thus, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in [a § 2255 motion] only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted).

Generally, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003); see also Rodriguez v. United States,

6

No. 13-CR-85, 2021 WL 4078621, at *6 (E.D.N.Y. Sept. 8, 2021). However, when a petitioner has already pursued an ineffective assistance of counsel claim prior to filing his § 2255 petition, the doctrine known as the "mandate rule" may bar the petitioner from pursuing the same or similar claims in a § 2255 petition. See Yick Man Mui v. United States, 614 F.3d 50, 55 (2d Cir. 2010). The "mandate rule" bars re-litigation of "matters expressly decided by the appellate court . . . [and] issues impliedly resolved by the appellate court's mandate." Rodriguez v. United States, 767 F. App'x 160, 164 (2d Cir. 2019) (quoting Yick Man Mui, 614 F.3d at 53). Under the mandate rule, a petitioner is barred from raising an ineffective assistance of counsel claim in a habeas proceeding "when the events underlying the claim were the same as those underlying a claim raised and decided on the merits on direct appeal." Yick Man Mui, 614 F.3d at 56. When a defendant "raises on direct appeal ineffective assistance claims based on the strategies, actions, or inactions of counsel that can be, and are, adjudicated on the merits on the trial record," the defendant is precluded, by the mandate rule, "from raising new or repetitive claims based on the same strategies, actions, or inactions in a Section 2255 proceeding." Id. at 51.

When an ineffective assistance claim is properly before a court, a petitioner must, to prevail on the merits of such a claim, ultimately establish: (1) that "counsel's representation fell below an objective standard of reasonableness . . . under prevailing norms;" and (2) having suffered prejudice as a result of defense counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 692 (1984). Under the first prong, the court must "eliminate the distorting effects of hindsight," "evaluate the conduct from counsel's perspective at the time," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been

7

different." Id. at 694. "A reasonable probability is one sufficient to undermine confidence in the outcome of the trial or appeal." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (citing Strickland, 466 U.S. at 694).

## B. Analysis

For the reasons stated below, Linick's petition, July 15, 2020 motion to amend, and all of Linick's subsequent motions and requests are denied.

### 1. Linick's Original § 2255 Petition Filed on May 11, 2020

Linick's original § 2255 petition raises two claims of ineffective assistance under the subheadings of "Ground One" and "Ground Two." These claims were previously raised in Linick's post-trial motion, which alleged that Buckley provided ineffective assistance at trial. The Court's January 2017 Order denying that motion and the Second Circuit's subsequent affirmance of Linick's conviction preclude Linick's attempts to re-litigate those ineffective claims here. Linick's original § 2255 petition also claims that Butler provided ineffective assistance in litigating both the post-trial motion and Linick's appeal. Those claims concerning Butler are meritless.

*i. Linick's Claims that Buckley was Ineffective*

"For "Ground One," Linick contends that Buckley was ineffective when he advised Linick not to testify. Linick maintains that Buckley was ineffective because Linick's written sales presentation was critical to his defense and, given the testimony of the cooperating witnesses, Linick's written sales presentation and other allegedly exculpatory evidence could only be admitted into evidence if Linick himself took the stand. Linick claims his sales script and other exculpatory evidence would have "effectively refuted many or all" of the cooperating witnesses called by the government against Linick. (ECF No. 577-1 at 2-3.)

For Ground Two, Linick asserts an ineffective assistance of counsel claim based on Buckley's alleged cumulative errors at trial. In support of this claim, Linick reasserts the claim about Linick's testimony set out in Ground One and also alleges, in conclusory fashion, a "lack of trial preparation; failure to make continuing severance motions; failure to present exculpatory evidence; failure to make in limine motion to clarify customer contract defense, and then negligent relying on that non-existent defense." (ECF No. 577-1 at 4.) Essentially, Ground Two reasserts all of the ineffective assistance claims that were previously advanced in Linick's post-trial motion and on appeal.

Linick's "Ground One" argument concerning Buckley's purported ineffectiveness was raised in his post-trial motions. This Court's January 2017 Order denied those motions and Linick's conviction was then affirmed on appeal by the Second Circuit. Accordingly, Linick's attempts to raise these arguments in his § 2255 petition are barred by the mandate rule.

Linick's "Ground Two" arguments concerning Buckley's alleged ineffectiveness are similarly barred by the mandate rule. All the arguments in "Ground Two" that Linick cites in support of his claim of cumulative errors by Buckley were previously addressed by the January 2017 Order. The January 2017 Order, and the Second Circuit's rejection of Linick's appeal, disposed of all the arguments raised in Linick's post-trial motion, including his claim of cumulative error.

Moreover, even assuming, for the sake of argument, that Linick's ineffective assistance arguments in his habeas petition differ in some respects from the arguments that were raised on direct review and rejected in the January 2017 Order and on appeal, Linick's ineffective assistance claims in his § 2255 petition would still be barred by the mandate rule. For example, Linick's challenges in his habeas petition to Buckley's advice that Linick should not testify clearly involve

9

the same underlying "events" and concern the same "strategies" and "actions" of Buckley that Linick previously challenged in his post-trial motions and on appeal. Accordingly, the ineffective assistance claims in Linick's § 2255 petition concerning Buckley's advice are all barred by the mandate rule. See Yick Man Mui, 614 F.3d at 51, 56. The mandate rule similarly precludes all the other arguments advanced under "Ground Two" in Linick's petition. Id.

*ii. Butler's Alleged Ineffectiveness as Post-Trial and Appellate Counsel*

Linick's petition also asserts that Butler was ineffective because she allegedly failed, in the post-trial motion and on appeal, to advance the ineffective assistance arguments concerning Buckley's performance that are set out in Grounds One and Two of the petition.

As an initial matter, it is doubtful that Linick can avoid the mandate rule by attempting to repackage the ineffective claims concerning Buckley in the guise of claims that Butler was ineffective for advancing the same ineffective claims that were already addressed above. In any event, even assuming that Linick's claims concerning Butler's performance are not barred by the mandate rule, these claims are meritless.

First, Linick's claim that Butler did not raise these issues in the post-trial motion is simply incorrect as a factual matter. Although Butler may not have explicitly raised all these arguments in the post-trial motion she drafted, that motion also expressly incorporated by reference all of the arguments raised in Linick's pro se motion. Additionally, the reply brief drafted by Butler explicitly argued that all of Buckley's errors, when considered cumulatively, rose to the level of ineffective assistance. (See ECF No. 395.) Accordingly, all the arguments advanced in Ground One and Ground Two in the petition were previously raised in the post-trial motions and were subsequently considered and rejected by the Court's January 2017 Order.

10

Second, to the extent Linick challenges the manner in which Butler raised the ineffective assistance claims in her post-trial motion, he cannot show that she provided ineffective assistance in litigating the post-trial motion. Butler advanced reasonable arguments and was able to obtain the hearing where both Linick and Buckley testified. Linick's attempts to second guess Butler's decisions in crafting and framing the arguments in her post-trial filings are not persuasive.

Third, the Court already rejected, in the January 27 Order, the arguments advanced by Linick concerning Buckley's alleged ineffectiveness, including Buckley's purportedly deficient advice that Linick should not testify. The Court reaffirms those conclusions once again here.

Linick also argues that Butler provided ineffective assistance on appeal because, in Linick's appellate briefs, she did not advance all the specific arguments set out in Grounds One and Two of his § 2255 petition.

The two–prong Strickland test for determining effectiveness of counsel applies to the evaluation of appellate counsel as well as trial counsel. Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 197 (2d Cir. 2002). When a claim is made that appellate counsel was ineffective, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). "However, a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Id.

Linick does not meet this standard. To the extent that Butler did not raise, on appeal, all the precise ineffective assistance arguments about Buckley outlined in Linick's § 2255 petition, Linick cannot establish that Butler's decisions in drafting the appeal fell outside the range of reasonable professional assistance. After holding the post-trial hearing, this Court credited

11

Buckley's testimony and rejected Linick's testimony on various points. In light of those findings and this Court's other adverse rulings in the January 2017 Order, Butler made strategic decisions in framing and focusing the ineffective assistance arguments she elected to raise on appeal. Butler advanced reasonable and creative arguments on appeal, focusing on Buckley's admissions about his limited trial preparation and asserting that Buckley's "failure to conduct adequate pre-trial consultations with Linick also had the effect of compromising Linick's right to testify in his own behalf." (App. Br. at 44.) The brief drafted by Butler also highlighted that "a defendant may demonstrate that the cumulative effect of counsel's deficiencies was substantial enough to satisfy Strickland's test." (App. Br. at 41.) Butler's appellate advocacy for Linick was reasonable under Strickland. Linick has not shown that Butler "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo, 13 F.3d at 533.

Moreover, Linick also cannot show prejudice on his claim of ineffective appellate counsel. In the January 2017 Order, the Court concluded that Linick could not establish that he was prejudiced by his failure to take the stand and inability to introduce his written sales presentation and other allegedly exculpatory evidence. The Court reaffirms that conclusion again here.

**2. Linick's July 15, 2020 Motion To Amend and Subsequent Submissions**

Plaintiff's July 15, 2020 motion to amend and subsequent filings attempt to raise various claims of prosecutorial misconduct, alleging, inter alia, that prosecutors knowingly introduced perjured testimony from cooperating witnesses and withheld exculpatory evidence.

As explained below, these new claims that Linick attempts to raise are barred on multiple grounds. First, these claims are time-barred. Linick sought to add these claims to his petition after the statute of limitations for his § 2255 petition had expired, and these new claims do not relate back to the claims in Linick's original 2255 petition. Second, these claims are procedurally barred

as Linick could have pursued—and in some instances already did pursue—these claims on direct appeal. Third, these claims are substantively meritless.

### i. Linick's Newly Raised Claims are Time-Barred

Federal Rule of Civil Procedure 15(c) "governs the timeliness of a motion to amend submitted after AEDPA's statute of limitations has expired." Ching v. United States, 298 F.3d 174, 181 (2d Cir. 2002). Specifically, Rule 15(c)(1)(B) provides that an amendment relates back to the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Id. "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Mayle v. Felix, 545 U.S. 644, 659 (2005). "An amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650. "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." Id. at 662.

Linick motion to amend his Section 2255 petition is untimely. A comparison of the claims raised in his motion to amend (and his subsequent filings) with those contained in his original petition show that Linick's new claims do not relate back. Linick's petition asserted ineffective assistance of counsel claims while his motion to amend and subsequent filings focus on new and different matters, namely, prosecutorial misconduct. (See, generally, ECF No. 592.)

As Linick's new claims do not relate back to his original petition, Linick's claims of prosecutorial misconduct must be dismissed as time-barred.

13

Linick maintains that his claims of prosecutorial misconduct are not time-barred because these claims rely on "new" evidence. Section 2255's one-year statute of limitations begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). However, none of Linick's purportedly "new" evidence meets this standard.

According to Linick, the "new" evidence underlying his claims of prosecutorial misconduct consists of Linick's interpretation and analysis of the testimony and evidence from the trial and post-trial motion. Linick's interpretation and analysis of evidence that has existed since 2017 is obviously insufficient to trigger § 2255(f)(4). Linick also suggests that the following items also constitute new evidence: (1) statistics from the federal government about the percentage of new business that fail; (2) the fact that no additional Vendstar customers have sought restitution and claimed that they were defrauded since Linick's sentencing in 2017; and (3) Linick's new "analysis" of these two points in light of the fact that only 22 of Linick's 147 customers sought restitution.[1]  These arguments are clearly insufficient to trigger § 2255(f)(4) and save Linick's otherwise time-barred claims.

### ii. Linick's New Claims are Procedurally Barred

Linick's claims of prosecutorial misconduct are also procedurally barred or otherwise precluded from re-litigation in this § 2255 proceeding.

The primary evidence supporting Linick's purported claims of prosecutorial misconduct is the trial transcript itself, which Linick's numerous habeas submissions discuss at length. Linick also relies on his written sales presentation, which was introduced at the post-trial hearing. This

---

[1] Linick raised arguments about this evidence and analysis in his February 28, 2022 motion in which he sought to vacate the restitution order entered against him. The Court already denied that motion. Additionally, the arguments raised in that motion and Linick's related filings do not set forth any basis for granting his § 2255 petition. These claims are all time-barred, procedurally barred, and substantively meritless.

14

evidence was in Linick's possession—and was part of the record—before Linick appealed his conviction.

Linick was required to raise his claims of prosecutorial misconduct on direct review.  See Nkansah v. United States, No. 08-CR-1234, 2015 WL 8731914, at *10 (S.D.N.Y. Dec. 14, 2015) (finding prosecutorial misconduct claim based on alleged false testimony was procedurally barred where petitioner failed to raise the claim in his direct appeal), report and recommendation adopted, 2016 WL 3223626 (S.D.N.Y. June 8, 2016).

Linick did not raise his claims of prosecutorial misconduct in his opening appellate brief or reply brief.  Linick did, however, raise certain claims of prosecutorial misconduct—namely, that the government knowingly introduced perjured testimony and asked improper questions—in his motion for a rehearing before the Second Circuit.

Linick's prosecutorial misconduct claims based on alleged perjury and improper questions are precluded from review in this § 2255 proceeding.  To the extent that Linick's motion for rehearing was sufficient to present the merits of these claims to the Second Circuit, the Second Circuit's denial of that motion precludes Linick from re-litigating those claims here.  To the extent that Linick's motion for rehearing did not sufficiently present the merits of these claims to the Second Circuit on direct review, these claims are procedurally defaulted and, thus, barred from habeas review.  Linick cannot establish either cause or prejudice to overcome this procedural default.

Linick's remaining claims of prosecutorial misconduct—including his claims that the prosecution withheld exculpatory evidence and targeted him for prosecution because his of religion—were not raised on direct review and are, therefore, procedurally barred.  Linick cannot establish either cause of prejudice to overcome this procedural bar.

### *iii. Linick's New Claims are All Substantively Meritless*

Finally, Linick's new claims are all substantively meritless. For his perjury claim, the purported contradictions and inconsistencies between the testimony of the various witnesses about Linick were factual questions for the jury to resolve and do not establish that the prosecution introduced perjured testimony or did so knowingly. Linick's perjury argument also relies on his self-serving claims about his use of, and adherence to, his written sales presentation. Those self-serving claims are insufficient to establish that the cooperating witnesses committed perjury. As the Court explained in the January 27 Order, Linick's testimony about this script was incredible and the script itself contained numerous misrepresentations and said nothing about the many complaints Vendstar had received. Furthermore, even if some witnesses lied at trial, none of this evidence shows that the prosecution knew that the witnesses were lying.

Linick also claims that the government failed to disclose an exculpatory recording of Linick. Specifically, Linick maintains that, while he was at Vendstar, "Spinelli recorded my sales presentation for and at the request of Ned Weaver." (ECF No. 617.) This is not a recording that Joe Spinelli made as part of his cooperation with the government. Rather, this recording was allegedly made at Ned Weaver's direction prior to Spinelli's' cooperation with the government.

This claim is meritless. Linick's proof about the existence of this recording consists of nothing more than his own self-serving assertion. And, even assuming that this recording did exist at some point in time, there is no proof that this alleged recording was ever in the government's possession. Accordingly, Linick's claims of prosecutorial misconduct and <u>Brady</u> violation concerning this allegedly suppressed recording are meritless.[2]

---

[2] This claim is also time-barred and § 2255(f)(4) does not render this claim timely. Linick does not contend that he has any newly discovered evidence concerning this alleged recording. Rather, Linick maintains that he observed Spinelli record this presentation for Weaver. As such, Linick was obviously aware of the evidence underlying this claim at the time of trial.

Linick's claim that he was prosecuted because he is Jewish is patently meritless. Linick's remaining claims are also meritless and, accordingly, are denied.

### III. CONCLUSION

For the reasons set forth above, Linick's petition, motion to amend, and subsequent requests are all **DENIED**. The Clerk of Court is directed to close 20-cv-02167. The Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purposes of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:  November 16, 2022
       Central Islip, New York

                                                                             /s/ (JMA)
                                                                           JOAN M. AZRACK
                                                                           UNITED STATES DISTRICT JUDGE