FILED
CLERK

5/18/2023 12:17 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                 Plaintiff,

    -against-

RICHARD LINICK,

                 Defendant.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
13-cr-00120 (JMA)

**AZRACK, United States District Judge:**

      On April 13, 2023, Defendant Richard Linick ("Linick") filed a motion for early termination of supervised release. Probation and the government opposed the motion, arguing that continued supervision is warranted due to the substantial sum of restitution still owed to the victims of his crime, and that less than half his three-year term of supervision has been served at this time. I find that the defendant has not established a sufficiently compelling basis for early termination. Accordingly, defendant's motion is denied.

## BACKGROUND

      Linick was sentenced in March 2017 to 36 months custody and three years of supervised release for his role in a fraudulent business opportunity scheme. Following appeal, he was ordered to surrender in May 2019, and transferred to home detention in June 2020. Linick's sentence included $382,126.61 in restitution payable in monthly installments equal to 10% of his gross monthly income. Probation reports that Linick failed to pay restitution from the onset of supervised release until the Court intervened in June 2022. Since that time, Linick has made the required payments and has not otherwise violated the terms of his supervised release. The defendant has served less than half of his three-year term of supervised release.

## DISCUSSION

A district court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). A court may only do so after considering a subset of the factors listed in 18 U.S.C. § 3553(a) which are to be considered when imposing a sentence in the first instance. *Ibid.*; *see id.* § 3553(a).

Courts do not order early termination of supervised release "as a matter of course." *United States v. Bastien*, 111 F. Supp. 3d 315, 321 (2015) (quoting *United States v. Fenza*, No. 03-CR-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)) (internal quotation marks omitted). Rather, such relief may "[o]ccasionally" be justified by "new or unforeseen circumstances," such as when "exceptionally good behavior by the defendant . . . render[s] a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). Exceptionally good behavior is not established by mere compliance with the terms of supervised release, which "is what is expected . . . and does not warrant early termination." *Bastien*, 111 F. Supp. 3d at 321 (quoting *Fenza*, 2013 WL 3990914, at *2); *see United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law.") (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)). Accordingly, courts in this circuit have routinely declined to terminate supervised release based solely on compliance with the terms of supervision. *See, e.g.*, *United States v. Lewis*, No. 13-CR-487 (CBA), 2020 WL 1275233, at *2 (E.D.N.Y. Mar. 17, 2020); *United States v. Gonzales*, No. 94-CR-0134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015); *United States v. Rasco*, No. 88-CR-817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000); *Medina*, 17 F. Supp. 2d at 247.

Linick argues that his term of supervised release should be terminated on the grounds that he has complied with the terms of his supervision. He notes that he is 80 years old, not a threat to society and does "not need supervision on how to manage my finances." *See* Mot. for Early Termination. While that compliance is commendable, it does not in itself justify terminating supervision because it does not amount to such "exceptionally good behavior" as to render the conditions of his supervised release "too harsh" or "inappropriately tailored to . . . the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36. Nor does such compliance indicate that any "new or unforeseen circumstances" have emerged that would justify terminating defendant's supervision. *Ibid.*

Moreover, the factors set forth in Section 3553(a) do not favor reducing Linick's term of supervised release. While I have considered all of the statutory factors, two in particular guide my disposition of this motion. First, terminating the defendant's supervision would undermine deterrence. See 18 U.S.C. §§ 3553(a)(2)(B), 3583(e). Retroactively lightening the defendant's sentence simply because he has complied with his legal obligations would undermine that goal. Second, Linick already received a sentence below the guideline range. Lightening the sentence would risk creating or heightening sentencing disparities with other defendants who have committed similar crimes. See 18 U.S.C. §§ 3553(a)(4), (a)(6), 3583(e).

## CONCLUSION

The Court is encouraged by the defendant's compliance with the terms of his supervised Release since a payment schedule was imposed on him in June 2022. However, that does not in itself warrant a reduction in the defendant's term of supervised release. The statutory factors that must guide any decision to modify a term of supervised release do not favor early termination in this case. Accordingly, the motion for early termination of supervised release is DENIED.

**SO ORDERED.**

Dated: May 18, 2023
Central Islip, New York

    /s/ JMA_____
Joan M. Azrack
United States District Judge